**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        )
                                   )
                                   )
       v.                      )    I.D. No. 1612003152
                                   )
                                   )
AUSTEN R. KOELLER,       )
                                   )
       Defendant.          )

## ORDER

Submitted: March 2, 2021
Decided: May 10, 2021

**AND NOW TO WIT**, this 10th day of May, 2021, upon consideration of Defendant Austen R. Koeller's (Defendant) Motion for Modification of Sentence, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On July 19, 2017, Defendant pled guilty to one count of Robbery Second Degree and one count of Wearing a Disguise During the Commission of a Felony[1] for which he received an aggregate of eighteen months at Level V with 226 days credit for time served, followed by various levels of probation.[2] On July 10, 2018, a Violation of Probation (VOP) Report was filed.[3] On August 23, 2018,

---

[1] Case Review Plea Hearing: Pled Guilty/Sentenced, D.I. 7.
[2] Sentence: ASOP Order Signed and Filed, D.I. 8.
[3] Violation of Probation Report Filed, D.I. 18.

1

Defendant was found in violation and sentenced the same day.[4] Defendant's sentence was later modified to four years at Level V INPATIENT DRUG with credit for fourteen days previously served, suspended after successfully completion of Level V INPATIENT DRUG, for three years at Level IV INPATIENT DRUG, suspended after successful completion of Level IV INPATIENT DRUG, for the balance to be served at Level III.[5]

2.      Defendant has previously filed multiple modification requests under Rule 35.[6] All but one of his requests have been denied.[7]

3.      On March 2, 2021, Defendant filed this fifth Motion for Modification of Sentence under Rule 35.[8] In his motion, Defendant requests a modification of his Level IV sentence to either work release or home confinement.[9] In support of his motion, Defendant states that where Level IV INPATIENT program is the same as Level V, his sentence would be redundant.[10] Defendant believes he would be better

---

[4] Violation-of-Probation Hearing: Defendant Found in Violation, Sentenced, D.I. 21.

[5] Sentence: Approved Modified VOP Order Signed and Filed, D.I. 37.

[6] Motion for Modification of Sentence, D.I. 25; Motion for Modification of Sentence, D.I. 29; Motion for Modification of Sentence, D.I. 31; Motion for Modification of Sentence, D.I. 35.

[7] Letter from Honorable Richard R. Cooch to Mr. Koeller (Letter for Modification Denied), D.I. 28; Motion for Modification of Sentence Denied, D.I. 30; Motion for Modification of Sentence Denied, D.I. 34; Order: Defendant's Request is Granted, D.I. 36.

[8] Motion for Modification of Sentence, D.I. 38.

[9] Id.

[10] Id.

served by being allowed to return home instead of "being required to complete the same program back to back."[11]

4. The Court has discretion in addressing Defendant's request to modify his Level IV sentence. Under Rule 35(b), the Court may "reduce the fine or term or conditions of partial confinement or probation, at any time."[12] However, the request cannot be repetitive as Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[13] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raised new arguments."[14] The bar to repetitive motions has no exception. It is absolute and flatly "prohibits repetitive requests for reduction of sentence."[15] Therefore, where Defendant has previously submitted Motions for Modification of Sentence,[16] and where such motions were decided,[17] this motion is also barred as repetitive. The Court cannot use its discretion to ignore this bar.[18]

---

[11] *Id.*

[12] DEL. SUPER. CT. CRIM. R. 35(b).

[13] *Id.*

[14] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[15] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. 2002) (TABLE).

[16] Motion for Modification of Sentence, D.I. 25; Motion for Modification of Sentence, D.I. 29; Motion for Modification of Sentence, D.I. 31; Motion for Modification of Sentence, D.I. 35.

[17] Letter from Judge Cooch to Mr. Koeller (Letter for Modification Denied), D.I. 28; Motion for Modification of Sentence Denied, D.I. 30; Motion for Modification of Sentence Denied, D.I. 34; Order: Defendant's Request is Granted, D.I. 36.

[18] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant defendant's Motion for Modification where the motion was repetitive and untimely).

5.     The Court further notes that while DOC's Level V and Level IV drug programs are both called "Road to Recovery," the programs are different in the same way Level V KEY was different than Level IV CREST.  Therefore, Defendant's sentence will not be redundant.  No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.  As such, the sentence is appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **SUMMARILY DISMISSED**.

Vivian L. Medinilla
Judge

oc:     Prothonotary
cc:     Defendant
        Department of Justice
        Investigative Services